Wilson, J.
A sewer assessment is resisted in this'case because it is said the lots in question do not need local drainage. *253 Whether or not this is true, is a question of fact to be determined by the court under the law. It was within the contemplation of the legislature, that there would be within the bounds of municipalities, lots and lands, which would not need local artificial drainage, and that this would be so, from natural causes. The lands which are naturally sufficiently drained, are as plainly exempt by the language, of the statute, as are those which have been supplied with drainage by artificial means.
Construing the statute, the case of L. S. & M. S. Ry. Co. v. Toledo, 4 O. C. R., 113 is in point, After quoting from the opinion of the, supreme court, 45 Ohio St., 407, Judge Scribner, at page 133, says:
“It results from the doctrine here declared that no matter how the drainage is provided, no matter what system is adopted, if the property be sufficiently provided with local drainage, it is not subject to assessment under the statute. The theory upon which a sewer system is provided by the public is that if is a sanitary measure. The drainage furnished adjacent lands is merely incidental. The primary object is the promotion of the general health of the public.
“If the abutting property is specially benefited by means of the public improvement intended for the promotion of the public health and convenience, to that extent, within the limits provided, the abutting property may be called upon to pay a portion of the expenses incurred. The remainder is to be raised by a general levy.”
Applying this doctrine, whether or not the lots and lands in this case were in need of local drainage must be determined from the facts and circumstances, and the surroundings existing at the time the assessment was made. We have heard the evidence in the case, and viewed the premises, and we are of the opinion that the lands of the defendants are now supplied by nature with sufficient local drainage. The general health and the laws of sanitation do not require that the drainage from them should be turned from the natural channel into this sewer. As now situated, they are not specially benefited, and to assess them, therefore, would be- to take something for nothing without sub-serving the public good.
*254 Of course, time may bring about such change of condi■tions as will necessitate artificial drainage even from these lots situated as they are, but “sufficient unto the day is the evil thereof.” When that time comes, they can only use this trunk sewer for that purpose upon such terms as the authorities may prescribe. In their present unimproved condition we think it an abuse of power to assess them for the construction of a sewer. This view of the law and facts, practically disposes of all the other questions in the case, and the decree will be for the defendants. The petition will be dismissed.